UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ERNEST G PULLANO, PA, *doing business as* PULLANO PUBLIC ADJUSTERS, LLC; STEPHEN REARDON, P.A.; CHRISTOPHER SYNNOTT, P.A.; JUSTIN PETRIN, P.A; MARIA TIROCCHI FEMINO, P.A.; VERNON S. RAINVILLE, P.A.; DISASTER RESTORATION GROUP, INC.; ALL STAR CONSTRUCTION, INC.; RI RAPID RESTORATION, INC.; SMOKE CLEAN OF MA, INC.; PROVIDENCE FIRE RESTORATION, INC.; CLEAN CARE OF NEW ENGLAND, INC., Plaintiffs, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 20-20-JJM-PAS |
| v. | ) ) ) | |
| RHODE ISLAND DIVISION OF STATE FIRE MARSHAL; TIMOTHY MCLAUGHLIN, *in his capacity as Director of the Rhode Island Division of State Fire Marshal;* PETER F. NERONHA, *in his capacity as Rhode Island Attorney General;* LIZ TANNER, *in her capacity as Director of The Rhode Island Department of Business Regulation,* Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Plaintiffs, a collection of disaster restoration companies and public insurance

adjusters, sue the Rhode Island Division of State Fire Marshal and various state

agents in their official capacities, challenging the constitutionality of R.I. Gen. Laws

§ 23-28.2-11. ECF No. 15. The Defendants move to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 16.

For the reasons stated below, the Court GRANTS the Defendants' Motion to Dismiss. ECF No. 16.

## I.   BACKGROUND

This suit challenges the constitutionality of R.I. Gen. Laws § 23-28.2-11(c) and (d) (the "Statute"), which provides that the state fire marshal or any authority delineated by the Statute may prohibit insurance adjusters, contractors, and restorers from entering onto a premises until twenty-four hours after the fire marshal or fire department has concluded its investigation. ECF No. 15 at 6-7, ¶¶ 28-29. The Plaintiffs claim that this prohibition violates the First Amendment to the United States Constitution, made applicable to the State pursuant to the Fourteenth Amendment, because it deprives them of their right to solicit business. *Id.* at 8-9, ¶¶ 34, 39-41. The Plaintiffs seek redress in the form of injunctive relief and a declaratory judgment. *Id.* at 14-15.

The Defendants move to dismiss the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 16. The Defendants first argue that the Plaintiffs have an ill-understanding of the language in the Statute. *See id.* at 4-14. The Defendants assert that the Statute allows the Plaintiffs to solicit business freely, wherever and whenever they choose, with the limited exception that they cannot physically enter property uninvited under investigation until twenty-four hours after the investigation has concluded. *Id.* at 6-7. Second, the Defendants

contend that the Statute's exceptions are narrow and limited in scope, and thus do not unconstitutionally limit speech. *Id.* at 19-20.

## II.   ANALYSIS

The Plaintiffs assert that R. I. Gen. Laws § 23-28.2-11(c) and (d) constrict their right to solicit business for an indeterminable amount of time. ECF No. 15 at 8-9, ¶¶ 34, 39-41.   The heart of this case thus rests in the State's ability to limit commercial speech under the First Amendment of the United States Constitution. To test the validity of the Statute, the Court must first determine how it is to be interpreted.

### 1. *Interpretation of the Statute*

R.I. Gen. Laws § 23-28.2-11 was amended in 2016 and 2017 to include the following:

> (c) The state fire marshal, and/or any of the deputy state fire marshals or assistant state fire marshals, and/or municipal officials, including, without limitation, police, fire, and building officials, *shall prohibit any and all insurance adjusters, contractors, and restoration companies from engaging in any solicitation or inspection or any physical presence on the premises under investigation until twenty-four (24) hours* after either the municipal fire department and/or the state fire marshal, deputy state fire marshal, or assistant state fire marshal releases control of the premises back to its legal owner(s) or occupant(s), unless the insurance adjuster, contractor, or restoration company is accompanied by, or acting with, permission of the premises' legal owner.

> (d) Any insurance adjuster, contractor, or restoration company in violation of the provisions of subsection (c) shall be subject to a civil penalty of one thousand dollars ($1,000) for each violation and may be subject to revocation of the appropriate professional license or registration.

R.I. Gen. Laws § 23-28.2-11 (emphasis added).

The Plaintiffs allege that these provisions unconstitutionally impede their right to solicit business from a fire victim for an unknowable amount of time. ECF No. 15 at 8-9, ¶¶ 34, 39-41. According to the Plaintiffs, the phrase "any solicitation" prohibits them from any type of business solicitation—in person, telephonically, or by mail—thus violating their constitutional right to speech and association. *Id.* at ¶ 38. The Plaintiffs next allege that although the Statute says "twenty-four (24) hours" this period is indeterminable because the Plaintiffs are not privy to when the fire marshal will return the property to its legal owner.[1] *See id.* at ¶ 41.

The Plaintiffs' interpretation of the Statute's phrase "engaging in any solicitation" is that it is a stand-alone prohibition that bars them from any types of solicitation of fire victims until twenty-four hours after an investigation. R.I. Gen. Laws § 23-28.2-11(c). Even though this reading of the Statute goes against the interests of the Plaintiffs (by making the Statute more broadly prohibitive), they assert it is the correct interpretation. ECF No. 15 at 9, ¶¶ 38-41. But the Defendants do an excellent job of educating us on the differences between the "rule of the last antecedent" and the "series-qualifier principle."

> At the risk of trading the lawyer's pen for the grammarian's red line, it appears that Plaintiffs' misunderstanding stems from the difference between the rule of the last antecedent and the series-qualifier principle. These two grammatical rules are best understood through example.
>
> Suppose a friend asked for: "a song, album, or live recording by the Beatles." Under the rule of the last antecedent, any song or any album

---

[1] The Plaintiffs amended their Complaint to include a pamphlet entitled "Handouts for Fire Victims," which, they contend, leads victims to believe that any solicitation within twenty-four hours is illegal. *See* ECF No. 15 at 7-8, 10, ¶¶ 30-31, 42.

by any artist will do, only the live recording needs to be by the Beatles. Under the series-qualifier principle, the friend has impeccable taste, as the friend is only interested in songs by the Beatles, albums by the Beatles, and live-recordings by the Beatles.

. . .

Put another way, the rule of the last antecedent takes the last modifying phrase . . . and only applies it to the last item in the list.  The series-qualifier principle reads the last modifying phrase to apply to all items in the list . . ..

ECF No. 16 at 7.

The language of the Statute is certainly open to reasonable interpretation. Does the phrase "on the premises" in the phrase "engaging in any solicitation or inspection or any physical presence on the premises" refer to solicitations, inspections, and physical presence, or does it only refer to "physical presence?" Under the first interpretation (advanced by the Plaintiffs), all acts of solicitation or inspection, regardless of where they take place, are included.  ECF No. 17-1 at 5. Under the second interpretation, the only prohibited acts are ones that take place on the premises, thus allowing the Plaintiffs to solicit and inspect from any place (e.g., by telephone, mail) other than physically on the premises.  The Court is convinced that the second interpretation, using the "series-qualifier principle," is the correct interpretation and thus holds that R.I. Gen. Laws § 23-28.2-11 only prohibits solicitation *on the premises* during an investigation.  It does not prohibit other types of non-premises solicitations, like phone, email, or mail.  And it does not prevent on-the-premise solicitations if the person is invited onto the property by the homeowner. This is the right interpretation because it offers the most logical reading of the plain

language of the Statute, while following the State's interpretation of the Statute, and avoiding constitutional transgressions.[2]

### 2. *Constitutionality of the Statute*

This Court must now look to the constitutionality of the Statute as limited by the interpretation above. "The type of personal solicitation prohibited here is clearly commercial expression to which First Amendment protections apply." *Edenfield v. Fane*, 507 U.S. 761 (1993) (citing *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council,* 425 U.S. 748, 762 (1976)).

As the United States Supreme Court said:

> [W]e engage in "intermediate" scrutiny of restrictions on commercial speech, analyzing them under the framework set forth in *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y.,* 447 U.S. 557 (1980). Under *Central Hudson*, the government may freely regulate commercial speech that concerns unlawful activity or is misleading. *Id.* at 563–564. Commercial speech that falls into neither of those categories, like the advertising at issue here, may be regulated if the government satisfies a test consisting of three related prongs: First, the government must assert a substantial interest in support of its regulation; second, the government must demonstrate that the restriction on commercial speech directly and materially advances that interest; and third, the regulation must be "'narrowly drawn.'" *Id.* at 564–565.

*Fla. Bar v. Went For It, Inc.,* 515 U.S. 618, 623–24 (1995).

---

[2] Beyond the language in the Statute, the Plaintiffs also point to the fire marshal pamphlet to support their interpretation. ECF No. 15 at 10, ¶ 42; ECF No. 17-1 at 6-7. The pamphlet is not relevant to the Court's analysis of the interpretation of the Statute because the interpretation of the Statute's language controls. *See Burlington Northern R. Co. v. Okla. Tax Comm'n,* 481 U.S. 454, 461 (1987); *State v. Santos*, 870 A.2d 1029, 1032 (R.I. 2005) ("The plain statutory language is the best indicator of legislative intent.")

The Court applies intermediate scrutiny to this statutory regulation of commercial speech. *Central Hudson Gas & Electric Corp. v. Public Service Comm'n*, 447 U.S. 557, 566 (1980). The test used for intermediate scrutiny comes from *Central Hudson,* and asks (1) whether the State's interests are substantial and, if so, (2) whether the Statute "directly advances" those interests without being (3) "more extensive than necessary[.]" *Id.*

### a. Substantial State Interest

Turning to the first part of the *Central Hudson* test—the asserted interest of the State—the Defendants assert three main governmental interests justify the Statute's restrictions on First Amendment expression: (1) privacy for fire victims; (2) maintenance of professional standards through professional regulation; and (3) investigational integrity. ECF No. 16 at 16.[3]

It has long been recognized that the privacy of a victim who has undergone a cataclysmic event is a "substantial state interest." *See Went For It*, 515 U.S. at 625 (citing *Edenfield*, 507 U.S. at 769). The Supreme Court expounded on victim's privacy in *Carey v. Brown*, stating, "[t]he State's interest in protecting the well-being, tranquility, and privacy of the home is certainly of the highest order in a free and civilized society." 447 U.S. 455, 471 (1980).

---

[3] The Plaintiffs challenge the State's asserted state interests by noting that the Defendants "fail to reference any legislative history for the challenged statute setting forth a governmental interest served by the legislation." ECF No. 17-1 at 10. While true, this does not undermine this State's current assertion of state interests. *See Cranston Firefighters, IAFF Local 1363, AFL-CIO v. Raimondo*, 880 F.3d 44, 50 (1st Cir. 2018) (noting that "Rhode Island does not record legislative history[.]")

The proper maintenance of professional standards through professional regulations is also a substantial state interest. ECF No. 16 at 19. "States have a compelling interest in the practice of professions within their boundaries . . . and [therefore] have the broad power to establish standards for licensing practitioners and regulating the practice of professions." *Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975).

Finally, the State has an interest in ensuring the integrity of effective and efficient investigations. ECF No. 16 at 20. There is no doubt that the State has an interest in ensuring that any fire investigation is carried out without unnecessary outside interference.

### b. Does the Statute "Directly Advance" the State's Interest?

Intermediate scrutiny of the statutory burden on First Amendment rights requires the Court to ask: Does the statute in question directly advance any of these state interests? *Central Hudson*, 447 U.S. at 566. Prohibiting uninvited insurance adjusters, contractors, and restoration companies from on-premises solicitations during the active pendency of a fire investigation directly and materially advances all three state interests. It affords the victims a short respite and privacy during an investigation taking place in their home. It regulates the profession in a manner that is extremely limited by time and place. And it aids the investigative process by ensuring that the location of the fire during the investigation is free from outside, uninvited solicitors.

### c. *More Extensive than Necessary*

The final factor of the *Central Hudson* test is whether the statute is more extensive than necessary to do the state's legitimate interests. 447 U.S. at 566. The Statute–as interpreted as set forth above–is a targeted, limited infringement on commercial speech. Insurance adjusters, contractors, and restoration companies seeking a fire victim's business can still freely communicate with the victim through many means but not uninvited on the property during the investigation. And they can come on to the property with the invitation from the homeowner. The scope of the Statute is thus extremely narrow—no uninvited on-the-premise solicitations during the fire investigation—and not more extensive than necessary to carry out the State's interest. It does not prohibit solicitations in general, only an extremely limited specific type.

### III.   CONCLUSION

Because the Statute is narrowly construed to achieve legitimate state interests, the Plaintiffs have failed to state a plausible First Amendment violation of commercial speech. The Court thus GRANTS Defendants' Motion to Dismiss. ECF No. 16.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

August 11, 2020